UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MORA-ALBARRAN,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS,<br><br>Defendant. | Case No. 22-cv-04181-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 13 |

Roman Mora Albarran sued the U.S. Citizenship and Immigration Service ("USCIS") under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), challenging the denial of his Form I-90 (Application to Replace Permanent Resident Card) as unlawful. (Dkt. No. 1.[1]) After the action was filed, USCIS vacated its denial, re-opened Plaintiff's I-90, approved his application, and produced his new lawful permanent resident card. (Dkt. No. 13-1.) USCIS now moves to dismiss Plaintiff's action for lack of subject matter jurisdiction due to mootness. (Dkt. No. 13.) Having reviewed the parties' briefs and supplemental submissions, and having had the benefit of oral argument on March 30, 2023, the Court DENIES the motion to dismiss.

**BACKGROUND**

**A. Complaint Allegations**

Plaintiff was admitted to the United States as a lawful permanent resident ("LPR") on April 13, 1985, following his marriage to a U.S. citizen. (Dkt. No. 1 at ¶¶ 2, 12.) About a year later, Plaintiff was attempting to reenter the United States at the San Ysidro, California, Port-of-Entry with a friend when they were stopped by immigration officials and Plaintiff accused of

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    marriage fraud.  (*Id*. at ¶¶ 2-3.)  Specifically, an immigration officer falsely told Plaintiff the friend

2    reported Plaintiff's marriage was a sham; the officer warned Plaintiff that if he did not relinquish

3    his permanent resident status he could be sent to prison for a long time.  (*Id*. at ¶¶ 2-3.)  As a

4    result, Plaintiff "executed a form I-407, abandonment of his lawful permanent residence."  (*Id*. at ¶

5    2.)  Although Plaintiff waived the right to counsel in writing, he was not advised of the waiver's

6    implications.  (*Id.* at ¶ 4.)  After Plaintiff executed the I-407, the inspecting officer seized his

7    permanent resident card.  "A transmittal memorandum from the officers, returning the cards to the

8    'Immigration Card Facility,' states 'These two subjects were found guilty of marriage fraud,

9    Therefore documents must be destroy [sic].'"  (*Id*. at ¶ 20.)

A little over a year later, Plaintiff filed an I-90 to replace his permanent resident card.  (*Id*.
at ¶ 22.)  As part of his application review, an immigration official wrote: "Pls re-issue a new card.
Our understanding is that Subject's I-151 [LPR card] was lifted without a valid reason."  (*Id*. at ¶
23.)  The I-90 application was then stamped granted with a note "Fee waived card lifted arbitrarily
(without a valid reason)."  (*Id*. at ¶ 24.)

Although lawful permanent resident status never expires, lawful permanent cards (also
known as LPR or green cards) are valid for 10 years.  (*Id*. at ¶ 25.)  On June 26, 2017, Plaintiff
filed a form I-90 to renew his LPR card, which had been issued on October 31, 2007 and was valid
through October 30, 2017.  (*Id*. at ¶¶ 26-27.)  Plaintiff's application was denied 10 months later
"based solely on the execution of the I-407 abandonment of residence."  (*Id*. at ¶ 28.)

**B.  Procedural Background**

In July 2022, Plaintiff filed this action pleading three causes of action under the
Administrative Procedure Act, 5 U.S.C. § 706.  (Dkt. No. 1.)  He requests the following relief:

> (1) Find that the USCIS decision denying Mr. Mora's I-90 was not supported by substantial evidence that he voluntarily abandoned his status, vacate said decision, and remand with instructions to grant the I-90 application and issue him evidence of his status;
>
> (2) Issue a declaratory judgment that Mr. Mora is a lawful permanent resident because he has not been ordered excluded, deported, or removed following his admission, and any purported I-407 he executed is void as the product of a denial of counsel;

2

>(3) Enter a permanent injunction enjoining Defendants from removing Mr. Mora from the United States, or denying him as a returning lawful permanent resident, unless Defendant obtains an administratively final removal order pursuant to 8 U.S.C. § 1229a;

(*Id.* at ¶ 48.)

A month after Plaintiff filed suit, USCIS re-opened and approved his I-90, produced his LPR card, and mailed it to his address on record. (Dkt. No. 13-1 at ¶¶ 5-6.) USCIS then filed the now pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing its decision to grant Plaintiff's I-90 moots the live case or controversy on which his claims for relief depend. (Dkt. No. 13.) Plaintiff opposes dismissal and cross moves for summary judgment. (Dkt. No. 18.) The Court subsequently granted the parties' stipulation to stay briefing on the summary judgment motion until disposition of the motion to dismiss. (Dkt. No. 20.) Following oral argument, and at the Court's request, both parties provided additional briefing on the challenged conduct's likelihood of recurrence. (Dkt. Nos. 25, 26.)

## LEGAL STANDARD

Federal jurisdiction requires a live case or controversy at every stage of litigation. U.S. Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704-05 (2013). "A case becomes moot—and therefore no longer a case or controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal citation omitted); *see also Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). A federal court does not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal citations omitted).

## DISCUSSION

USCIS insists this action is moot because it granted Plaintiff's I-90 application. That is, it contends that because it stopped the challenged activity and granted Plaintiff the relief he sought, there is no live case or controversy. As a general rule, "voluntary cessation of allegedly illegal

3

conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). However, a court may conclude voluntary cessation has rendered a case moot if (1) "there is no reasonable expectation that the alleged violation will recur," and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631 (cleaned up). "[A] defendant claiming that its voluntary cessation moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)).

The government has not met its heavy burden to demonstrate there is no reasonable expectation Plaintiff's I-90 LPR card renewal will not be denied again based on the allegedly invalid I-407. *Doe v. Harris*, 696 F.2d 109 (D.C. Cir. 1982), is instructive. There the plaintiff challenged the Department of Veteran's Affairs release of his medical records to the United States Attorney's Office as part of a grand jury investigation without providing notice to the plaintiff or his attorney. Among other relief, the plaintiff sought an injunction barring the defendants or anyone on their behalf from reacquiring the files or disseminating their contents. *Id*. at 110. After the plaintiff filed suit, the government moved to dismiss on mootness grounds. The government relied on a declaration from the United States Attorney's Office stating "no use had been made of the VA records in connection with the grand jury matter, that in fact the records were of no value to the investigation concerning fraudulent collection of unemployment compensation, and that defendant law enforcement officers contemplated no future acquisition or use of the records" *Id*. at 110-11. Applying the *Davis* test, the DC Circuit Court of Appeals reversed the district court's dismissal on mootness grounds. The court found the government had not met its heavy burden of establishing the official conduct would not recur given the careful cabining of the declarations submitted in support of the government's motion. *Id*. at 112. The court also concluded "it [was] far from plain that defendant-appellees' response to Doe's demands completely and irrevocably eradicated the effects of the alleged violation. Doe complains of past and continuing harm. He

4

alleges that his future treatment by the VA will be impaired absent at least the declaratory relief he now seeks." *Id*. at 113 (cleaned up).

As Mr. Doe, Plaintiff challenges past and *continuing* harm—the possibility the government will again deny him his LPR card when he seeks renewal in nine years.[2] The government's argument that *Doe v. Harris* is an anomaly because the voluntary cessation exception to mootness only applies to cessation of a "practice" is unpersuasive. The government has not cited any authority that so holds.[3] The rule, as set forth by the Supreme Court, is whether there is a reasonable likelihood the "alleged violation will recur." *Davis*, 440 U.S. at 631; *see also Fikre v. Fed. Bureau of Investigation (Firke I)*, 904 F.3d 1033, 1039-40 (9th Cir. 2018) (concluding the voluntary cessation exception applied to preclude a mootness finding because the government had not explained why it added the plaintiff to the No Fly List in the first place and then years later removed him from it, noting "[t]he FBI's decision to restore [his] flying privileges [wa]s an individualized determination untethered to any explanation or change in policy, much less an abiding change in policy.").

The government's alternative argument that there is no reasonable likelihood Plaintiff's I-90 will be denied again because he has been able to renew his LPR card on three occasions is likewise unavailing. The Court granted the government leave to submit a declaration to address the likelihood of recurrence, and in particular, to explain why Plaintiff's I-90 was denied in 2018. However, as in *Davis*, the government's declaration is carefully cabined. Karla Moran, the Deputy Director of the Potomac Service Center, attests the Potomac Service Center "completed

---

[2] Plaintiff also contends the issue of his status would arise if he attempts to reenter the United States from abroad or if he applies to become a naturalized citizen. (Dkt. No. 18 at 5, n.1.)

[3] The government's reliance on a footnote in the unpublished decision, *Kuzova v. U.S. Dep't of Homeland Sec.*, 686 F. App'x 506, 507 n.1 (9th Cir. 2017), is not persuasive. The case *Kuzova* cited for the proposition "voluntary cessation is not applicable, because the government did not change any policy in response to litigation," did not hold the voluntary cessation exception only applies to lawsuits challenging a policy. *See Rosebrock v. Mathis*, 745 F.3d 963, 971–72 (9th Cir. 2014). Instead, *Rosebrook* simply analyzed whether a voluntary policy change rendered the action moot. *Alvarez Najar v. Chertoff*—also cited by USCIS—actually supports Plaintiff's argument as there, the court denied the motion to dismiss on mootness grounds finding "there is every reason to expect that Plaintiff will be asked to submit his criminal records when he renews his LPR card." *Alvarez Najar v. Chertoff*, No. 9:07-CV-150-TH, 2008 WL 11347966, at *6 (E.D. Tex. Dec. 5, 2008).

the review of the record and determined that the April 16, 2018, decision to deny the I-90 application was in error." (Dkt. No. 25-1 at ¶ 10.) Ms. Moran does not indicate why the error occurred nor—more critically—does she state the I-407 is invalid or that it will not be considered with future applications. Instead, Ms. Moran attests "the Form I-407 document remains part of the record, the [Potomac Service Center] has updated the record to clearly reflect the history of the case. This declaration will be placed in the record so the Form I-407 may be considered consistently in future I-90 adjudications." (*Id.* at ¶ 11.) While Ms. Moran attests "USCIS policy is generally to grant deference to a prior approval, and Plaintiff's I-90 application approval in this matter would warrant such deference in future adjudications" (*id.* at ¶ 12), this statement does not satisfy the government's heavy burden to demonstrate the challenged conduct—denial of Plaintiff's I-90—will not recur.

First, the allegedly invalid I-407 remains part of Plaintiff's file and there is no indication it will not be used again to deny Plaintiff's renewal application. "The voluntary cessation of allegedly illegal conduct [] does not moot a case unless the party asserting mootness satisfies the heavy burden of making it absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Fikre v. Fed. Bureau of Investigation (Fikre II)*, 35 F.4th 762, 770 (9th Cir. 2022) (cleaned up); *see also Fikre I,* 904 F.3d at 1040 ("Absent an acknowledgment by the government that its investigation revealed Fikre did not belong on the [No Fly L]ist, and that he will not be returned to the list based on the currently available evidence, Fikre remains, in his own words, 'stigmatiz[ed] ... as a known or suspected terrorist and as an individual who represents a threat of engaging in or conducting a violent act of terrorism and who is operationally capable of doing so.'").

Second, to the extent the government relies on the "USCIS policy [] generally to grant deference to a prior approval" (Dkt. No. 25-1 at ¶ 13), the government does not provide any information regarding the policy. To establish mootness the government must "demonstrate that the change in its behavior is entrenched or permanent." *Fikre I*, 904 F.3d at 1037 (cleaned up). "[A] voluntary change in official stance or behavior moots an action only when it is absolutely clear to the court, considering the procedural safeguards insulating the new state of affairs from

6

arbitrary reversal and the government's rationale for its changed practice(s), that the activity complained of will not reoccur." *Id*. at 1039 (cleaned up).  Here, the USCIS guidance at issue has flip-flopped with different administrations—while the 2004 policy guidance directed officers to defer to prior determinations of eligibility, that policy was rescinded in 2017, and then restored in 2021.  (Dkt. No.  26 at 6 (citing April 27, 2021 USCIS Policy Alert PA-2021-05, available at https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20210427-Deference.pdf (last visited May 15, 2023).)  *See Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 441 (6th Cir. 2022) (holding voluntary cessation did not apply where "[a] future administration could rescind the BFD process just as easily as this administration established it."). Moreover, the government offers no evidence Plaintiff's application was denied in 2018 because of the policy in effect at that time; thus, even apart from the volatility of the agency's deference policy, the Court cannot conclude that the 2021 change in policy moots Plaintiff's challenge.

As a final matter, the Court declines to consider the government's argument—raised for the first time on reply—that Plaintiff's challenge to the I-407 is barred by the statute of limitations. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003); *cf. Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2011) (noting district court has discretion to consider, or not consider, arguments raised only in reply).

Accordingly, the government has not satisfied its heavy burden of demonstrating it is absolutely clear Plaintiff's I-90 will not again be denied based on the allegedly invalid I-407.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss on mootness grounds is DENIED.

The Court sets a status conference for June 29, 2023 at 1:30 p.m. via Zoom video. The parties shall file a joint statement by June 21, 2023 addressing the next steps for this action. Alternatively, if the parties agree as to the next steps, they can file a stipulation setting forth a schedule and the Court will vacate the status conference.

//

//

This Order disposes of Docket No. 13.

**IT IS SO ORDERED.**

Dated: May 23, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge