UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MORA-ALBARRAN,<br><br>   Plaintiff,<br><br> v.<br><br>ALEJANDRO MAYORKAS,<br><br>   Defendant. | Case No. 3:22-cv-04181-JSC<br><br>**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 18, 36 |

Roman Mora Albarran sues Alejandro Mayorkas, the Secretary of the Department of Homeland Security (DHS), under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), challenging the U.S. Citizenship and Immigration Service's ("USCIS") denial of his Form I-90 (Application to Replace Permanent Resident Card) as unlawful. (Dkt. No. 1.[1]) The parties' cross-motions for summary judgment are now pending before the Court. (Dkt. Nos. 18, 36.) Having carefully considered the briefing and relevant legal authority, and having had the benefit of oral argument on December 7, 2023, the Court DENIES Plaintiff's motion for summary judgment and GRANTS the government's cross-motion. Plaintiff's claims are moot.

## BACKGROUND

Plaintiff was admitted to the United States as a lawful permanent resident ("LPR") on April 13, 1985, following his marriage to a U.S. citizen. (Complaint at ¶¶ 2, 12; Dkt. No. 1 at 48-49.) About a year later, Plaintiff was attempting to reenter the United States at the San Ysidro, California, Port-of Entry with a friend when they were stopped by immigration officials and Plaintiff accused of marriage fraud. (Complaint at ¶¶ 2-3; Dkt. No. 1-1 at 41-45.) Specifically, an

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

immigration officer falsely told Plaintiff the friend reported Plaintiff's marriage was a sham and the officer warned Plaintiff if he did not relinquish his permanent resident status he could be sent to prison for a long time. (Complaint at ¶¶ 2-3.) As a result, Plaintiff "executed a form I-407, abandonment of his lawful permanent residence." (*Id*. at ¶ 2.) Although Plaintiff waived the right to counsel in writing, he was not advised of the waiver's implications. (*Id*. at ¶ 4.) After Plaintiff executed the I-407, the inspecting officer seized his permanent resident card. "A transmittal memorandum from the officers, returning the cards to the 'Immigration Card Facility,' states 'These two subjects were found guilty of marriage fraud, Therefore documents must be destroy [sic].'" (*Id*. at ¶ 20; Dkt. No. 1-1 at 35.)

A little over a year later, Plaintiff filed an I-90 to replace his permanent resident card. (Complaint at ¶ 22; Dkt. No. 1-1 at 24.) As part of his application review, an immigration official wrote: "Pls re-issue a new card. Our understanding is that Subject's I-151 [LPR card] was lifted without a valid reason." (Complaint at ¶ 23; Dkt. No. 1-1 at 32.) The I-90 application was then stamped "APPROVED" with a note "Fee waived card lifted arbitrarily (without a valid reason)." (Complaint at ¶ 24; Dkt. No. 1-1 at 24.)

Although lawful permanent resident status never expires, lawful permanent cards (also known as LPR or green cards) are valid for 10 years. (Complaint at ¶ 25.) On June 26, 2017, Plaintiff filed a form I-90 to renew his LPR card, which had been issued on October 31, 2007 and was valid through October 30, 2017. (*Id*. at ¶¶ 26-27.) Plaintiff's application was denied 10 months later "based solely on the execution of the I-407 abandonment of residence." (*Id*. at ¶ 28; Dkt. No. 1-1 at 15.)

In July 2022, Plaintiff filed this action pleading three causes of action under the Administrative Procedure Act, 5 U.S.C. § 706. (Dkt. No. 1.) He requests the following relief:

> (1) Find that the USCIS decision denying Mr. Mora's I-90 was not supported by substantial evidence that he voluntarily abandoned his status, vacate said decision, and remand with instructions to grant the I-90 application and issue him evidence of his status;
>
> (2) Issue a declaratory judgment that Mr. Mora is a lawful permanent resident because he has not been ordered excluded, deported, or removed following his admission, and any purported I407 he executed is void as the product of a denial of counsel;

2

> (3) Enter a permanent injunction enjoining Defendants from removing Mr. Mora from the United States, or denying him as a returning lawful permanent resident, unless Defendant obtains an administratively final removal order pursuant to 8 U.S.C. § 1229a.

(*Id*. at ¶ 48.)

After the action was filed, USCIS vacated its denial, re-opened Plaintiff's I-90, approved his application, and produced his new lawful permanent resident card. (Dkt. No. 13-1.) The government then moved to dismiss for lack of subject matter jurisdiction arguing mootness. (Dkt. No. 13.) The Court denied the motion finding the government had not met its heavy burden to demonstrate there was no reasonable expectation Plaintiff's I-90 LPR card renewal would not be denied again based on the allegedly invalid I-407. (Dkt. No. 27 at 4.) Following the Court's order, the government "cancelled" the I-407 and issued a memorandum declaring it "will not be considered in future USCIS adjudications." (Dkt. No. 36-1.)

## LEGAL STANDARD

Federal jurisdiction requires a live case or controversy at every stage of litigation. U.S. Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704-05 (2013). "A case becomes moot—and therefore no longer a case or controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal citation omitted); *see also Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). A federal court does not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal citations omitted).

## DISCUSSION

On summary judgment, the government renews its mootness argument contending there is no live case or controversy because it granted Plaintiff's I-90 and cancelled his I-407 thus granting him all the relief available under the APA.

In general, the "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). However, a court may conclude voluntary cessation has rendered a case moot if (1) "there is no reasonable expectation that the alleged violation will recur," and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631 (cleaned up). "[A] defendant claiming that its voluntary cessation moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)).

The Court previously concluded "the government has not met its heavy burden to demonstrate there is no reasonable expectation Plaintiff's I-90 LPR card renewal will not be denied again based on the allegedly invalid I-407." (Dkt. No. 27 at 4.)  The Court held the government's reliance on a declaration from Karla Moran, the Deputy Director of the Potomac Service Center, attesting the Potomac Service Center "completed the review of the record and determined that the April 16, 2018, decision to deny the I-90 application was in error" unpersuasive because, among other things, Ms. Moran did not indicate why the error had occurred or that the I-407 was invalid and would not be considered with future applications. (Dkt. No. 27 at 6 (quoting Dkt. No. 25-1 at ¶ 10).)

On summary judgment, the government offers new evidence in the form of a July 13, 2023 memorandum from John E. Roessler, the Director of the Potomac Service Center, to Plaintiff's A-file stating:

> The I-407, Record of Abandonment of Lawful Permanent Resident status, executed by Ramon Mora Albarran on February 6, 1986, is cancelled and will not be considered in future USCIS adjudications.
>
> ***
>
> As a result of the Legacy INS determination in 1989, that Mr. Albarran's lawful permanent resident card was confiscated without valid reason in 1986, and as a result of the Legacy INS determination that Mr. Albarran maintained his lawful permanent resident status, the I-407, Record of Abandonment of Lawful Permanent Resident States, executed by Mr. Albarran on February 6, 1986, is cancelled and will not be considered in future USCIS adjudications.

1  (Dkt. 36-1.) This document, in contrast to the prior declaration, declares the I-407 invalid and
2  states it will not be considered in future USCIS adjudications. Further, the copy of the I-407
3  attached now has a red line drawn through it with a notation "See July 13, 2023 memo." (Dkt. No.
4  36-2 at 1.) Plaintiff's opposition concedes this memorandum represents the "I-407 vacatur by
5  USCIS." (Dkt. No. 37 at 3.)

6  Plaintiff's claims are moot. Plaintiff bought this APA "action to challenge the unlawful
7  denial of U.S. Citizenship and Immigration Services of his USCIS I-90 application (to renew his
8  USCIS I-551 lawful permanent resident card) based on a coerced renunciation of his LPR status."
9  (Dkt. No. 1 a ¶ 1.) Plaintiff sought an order "find[ing] that the USCIS decision denying Mr.
10 Mora's I-90 was not supported by substantial evidence" and find the I-407 "void." (*Id.* at ¶ 48.)
11 The government has granted both these requests for relief—it reversed its denial and granted
12 Plaintiff's I-90 and cancelled the I-407. The cancellation of the I-407 eliminates the possibility the
13 I-407 could again be used to deny Plaintiff's I-90 card renewal.
14 The Ninth Circuit's reasoning in *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000), applies here.
15 There, the court deemed a memorandum issued by an assistant secretary for the Office of Fair
16 Housing and Equal Opportunity sufficient to moot a case, even though there had been no
17 intervening statutory or regulatory change, because the "memorandum [wa]s broad in scope and
18 unequivocal in tone," "addresse[d] all of the objectionable measures that HUD officials took
19 against the plaintiffs ... and even confesse[d] that th[e] case was the catalyst for the agency's
20 adoption of the new policy." *Id.* at 1243. So too here. Mr. Roessler's memorandum "addresses all
21 of the objectionable measures that [USCIS] officials took against the plaintiff[] in this case" and
22 even references this action as the basis for the agency's action. *Id.* (Dkt. No. 36-1.) The
23 government has thus assured Plaintiff his I-90 will not be denied again for the same reason; that is,
24 by cancelling the I-407 and placing the memo in his A-file "it has implement[ed] procedural
25 safeguards conditioning its ability" to do the same thing again. *Fikre v. Fed. Bureau of*
26 *Investigation*, 904 F.3d 1033, 1040 (9th Cir. 2018). This new action is sufficient to satisfy the
27 government's "heavy burden of proving that the challenged conduct cannot reasonably be
28 expected to recur." *White*, 227 F.3d at 1244.

Plaintiff's contention declaratory and injunctive relief is still needed because the cancellation only "binds USCIS adjudications" and "the challenged actions are not entirely within the jurisdiction of USCIS to control" does not save his claims from mootness.  (Dkt. No. 37 at 2.)  Under the APA, only a final agency action is subject to judicial review. 5 U.S.C. § 704; *see also* 5 U.S.C. § 702(2)(A) (authorizing a court to hold unlawful or set aside an agency finding found "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.").  Plaintiff challenged as the final agency action USCIS's denial of his I-90 based on the illegally obtained I-407.  (Complaint ¶¶ 1, 29-33.)  USCIS has since reversed the I-90 denial and cancelled the I-407, placing a note in Plaintiff's A-file stating it will not be considered in future USCIS adjudications.  (Dkt. No. 36-1.)   Plaintiff cites no authority suggesting that under the APA the Court can enter equitable relief based on speculation some other agency not involved in the final decision at issue *might* do something in the future based on a voided document. "The scope of review under the 'arbitrary and capricious' standard is narrow." *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983).  The Court must determine if the agency made a "clear error of judgment." *See Judulang v. Holder*, 565 U.S. 42, 52–53 (2011); *see also California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (in considering injunctive relief, "[t]he scope of the remedy must be no broader and no narrower than necessary to redress the injury shown by the plaintiff.")  Because Plaintiff has been afforded all of the relief available in this APA action, there is no live case or controversy and the Court thus lacks subject matter jurisdiction under Article III.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is DENIED, and the government's cross-motion is GRANTED.

The Clerk will enter judgment by separate order.

//

//

//

//

1   This Order disposes of Docket Nos. 18, 26.

2   **IT IS SO ORDERED.**

3   Dated: December 8, 2023

JACQUELINE SCOTT CORLEY
United States District Judge