UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MORA-ALBARRAN,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS,<br><br>Defendant. | Case No. 22-cv-04181-JSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR FEES AND COSTS UNDER EAJA**<br><br>Re: Dkt. No. 45 |

## INTRODUCTION

In this immigration case, Plaintiff Roman Mora Albarran seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, following the Court's grant of Defendant Alejandro Mayorkas', the Secretary of the Department of Homeland Security (DHS), cross-motion for summary judgment and denial of Plaintiff's motion for summary judgment. (Dkt. No. 43.[1]) Plaintiff requests the Court award him attorney's fees in the amount of $26,665 and $466.35 in costs. (Dkt. No. 45 at 21-22.) The government argues Plaintiff is not entitled to attorney's fees under the EAJA because he is not a prevailing party, its position in the underlying litigation was substantially justified, and the requested fees are excessive and unreasonable. (Dkt. No. 48.) Having carefully considered the briefing, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiff's motion for fees and costs under the EAJA. Plaintiff is not the prevailing party.

## BACKGROUND

In July 2022, Plaintiff filed this action pleading three causes of action under the

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

Administrative Procedure Act, 5 U.S.C. § 706.  (Dkt. No. 1.)  He requested the following relief:

> (1) Find that the USCIS decision denying Mr. Mora's I-90 was not supported by substantial evidence that he voluntarily abandoned his status, vacate said decision, and remand with instructions to grant the I-90 application and issue him evidence of his status;
>
> (2) Issue a declaratory judgment that Mr. Mora is a lawful permanent resident because he has not been ordered excluded, deported, or removed following his admission, and any purported I-407 he executed is void as the product of a denial of counsel;
>
> (3) Enter a permanent injunction enjoining Defendants from removing Mr. Mora from the United States, or denying him as a returning lawful permanent resident, unless Defendant obtains an administratively final removal order pursuant to 8 U.S.C. § 1229a.

(*Id*. at ¶ 48.)

After the action was filed, USCIS vacated its denial, re-opened Plaintiff's I-90, approved his application, and produced his new lawful permanent resident ("LPR") card.  (Dkt. No. 13-1.)  The government then moved to dismiss for lack of subject matter jurisdiction arguing mootness.  (Dkt. No. 13.)  The Court denied the motion concluding the government had not met its heavy burden to demonstrate there was no reasonable expectation Plaintiff's I-90 LPR card renewal would not be denied again based on the allegedly invalid I-407.  (Dkt. No. 27 at 4.)  Following the Court's order, the government "cancelled" the I-407 and issued a memorandum declaring it "will not be considered in future USCIS adjudications."  (Dkt. No. 36-1.)

The Court subsequently granted the government's cross-motion for summary judgment and denied Plaintiff's motion for summary judgment concluding the cancellation of the I-407 eliminated the possibility the I-407 could again be used to deny Plaintiff's I-90 card renewal.  (Dkt. No. 43 at 5.)  Therefore, Plaintiff had been afforded all the relief available in this APA action, there was no live case or controversy, and the Court thus lacked subject matter jurisdiction under Article III.  (*Id.* at 6.)  Plaintiff then filed the now pending motion for fees and costs under the EAJA.  The government filed an opposition, and Plaintiff replied.  (Dkt. Nos. 48, 50.)

## LEGAL STANDARD

Under the EAJA, a court shall award a prevailing party its fees and expenses in an action against the United States unless "the position of the United States was substantially justified or

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). If the government's position was not substantially justified, then the plaintiff may be eligible for an award of fees under the EAJA; however, eligibility is not an automatic award. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). Rather, the plaintiff must prove that the fees sought are reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (internal quotation marks omitted).

## DISCUSSION

Defendant argues Plaintiff's request for attorney's fees and costs should be denied on four grounds: (1) Plaintiff is not the prevailing party, (2) the government's position in this action was substantially justified, (3) Plaintiff's requested fees are excessive, and (4) Plaintiff's requested fees are unreasonable.

### A. Plaintiff is not a Prevailing Party

A plaintiff must meet two criteria to qualify as a prevailing party. "First, he must achieve a 'material alteration of the legal relationship of the parties.'" *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001)). "Second, that alteration must be 'judicially sanctioned.'" *Id*.

Plaintiff contends he satisfies the prevailing party inquiry because he obtained the majority of the relief he sought when he filed this action and the Court's denial of Defendant's motion to dismiss satisfies the judicial sanction requirement. Plaintiff insists "Defendant did not simply voluntarily cease the complained of conduct in response to Mr. Mora bringing this action. Rather, it took actions that Mr. Mora sought (beyond simply providing him evidence of his LPR status), specifically in response to the Court's interim order." (Dkt. No. 45 at 8.) The government disagrees and contends Plaintiff failed to obtain any court-ordered relief because the only relief Plaintiff did receive USCIS voluntarily provided. (Dkt. No. 48 at 5.)

//

3

### 1. Material Alteration in the Parties' Legal Relationship

The material alteration of the parties' legal relationship must be relief the would-be prevailing party sued to obtain and it must be actual relief. *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009). Actual relief is obtained when the "plaintiff can force the defendant to do something he otherwise would not have to do." *Richard S. v. Dep't of Developmental Servs.*, 317 F.3d 1080, 1086 (9th Cir. 2003) (quotation marks and citation omitted).

Defendant does not dispute there has been a material alteration in the parties' legal relationship; instead, it insists Plaintiff's request must be denied because the relief he obtained was not judicially sanctioned.

### 2. Judicially Sanctioned

"A plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir. 2004) (cleaned up).

> In short, the judicial sanction must be an *enforceable* entitlement to relief. It must "allow[ ] one party to require the other party to do something it otherwise would not be required to do." *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (internal quotation marks omitted). To receive what one sought is not enough to prevail: the court must require one's opponent to give it.

*Klamath*, 589 F.3d at 1031 (emphasis added).

Here, the Court granted Defendant's motion for summary judgment and entered judgment in Defendant's favor. But Plaintiff argues the Court's earlier order denying Defendant's motion to dismiss "provided the impetus for Defendant to reconsider its action in Plaintiff's case." (Dkt. No. 45 at 9.) Plaintiff analogizes this order to a remand order because the order prompted Defendant's conduct; that is, Defendants would not have ceased the conduct without the order denying the motion to dismiss. (*Id.*) Alternatively, Plaintiff contends the order can be likened to an interim award, like a fee award, in ongoing litigation. (*Id.* at 10.) Neither argument is persuasive.

The Court's denial order is not an enforceable judicial sanction that allows Plaintiff to require the government to do something it otherwise would not be required to do. Rather, the

4

Court's order addressed only matters of mootness and determined Plaintiff was "entitled to *consideration* of the merits of [the] relief necessary or proper to redress the injuries he asserts." *Doe v. Harris*, 696 F.2d 109, 114–15 (D.C. Cir. 1982) (cleaned up) (emphasis added). Although Defendant may not have prevailed on summary judgment if it had not taken additional action following denial of its motion to dismiss, the government took this additional action voluntarily. The Court in its denial order held "to establish mootness the government must demonstrate that the change in its behavior is entrenched or permanent." (Dkt. No. 27 at 6) (quotation marks and citation omitted). In so holding, the Court was explaining why at the dismissal stage the government had not proved the case was moot; the Court was not compelling Defendant to take any action. *See Perez-Arellano v. Smith*, 279 F.3d 791, 795 (9th Cir. 2002) ("He was successful because the INS then voluntarily granted his application for naturalization. His change of status was the result of the INS' voluntary decision and was not compelled by the district court."). Plaintiff's prevailing party theory, at bottom, is that he is entitled to fees because he "achieved the desired result because the lawsuit brought about a voluntary change in defendant's conduct," otherwise known as the "catalyst theory." *Buckhannon*, 532 U.S. at 600. But the Supreme Court rejected that theory in *Buckhannon*. 532 U.S. at 610.

Plaintiff's reliance on *Li v. Keisler* for the proposition the Court's order denying the motion to dismiss is analogous to a remand order is unpersuasive. In *Li v. Keisler*, the Ninth Circuit ruled on three separate immigration applications for EAJA attorney's fees and concluded the Circuit Mediator's remand orders granted what the petitioners sought—a remand to the Board of Immigration Appeals. 505 F.3d 913, 917 (9th Cir. 2007). The three remands were requested in each petitioner's motion to the Circuit Mediator, which were then granted. *Id.* at 916. Therefore, there was an enforceable court order entitling the petitioners to some relief. *Id.* at 917. Here, in contrast, the denial order did not grant Plaintiff any relief sought. For these same reasons, Plaintiff's analogy to interim awards during ongoing litigation is unpersuasive. As Plaintiff points out, "[t]he Supreme Court has indicated interim fees may be awarded where the plaintiff 'established the liability of the opposing party, although final remedial orders had not been entered.' *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980)." No liability has been established in

this instant action, and again, there is a lack of an enforceable court order entitling Plaintiff to some relief.

Finally, Plaintiff correctly notes the Court's grant of summary judgment on mootness grounds was based on the government having placed a note in Plaintiff's A-file stating the I-407 will not be considered in future USCIS adjudications. (Dkt. No. 43 at 6; *see also* Dkt. No. 36-1.) But Plaintiff's insistence the government's assertion the I-407 is invalid and will not be used by USCIS constitutes a "binding judicial admission" (Dkt. No. 50 at 5-6) does not make the grant of summary judgment in Defendant's favor a judicial sanction entitling Plaintiff to prevailing party status. The case was dismissed for lack of subject matter under Article III on mootness grounds. (Dkt. No. 43.) "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir.1988). The Court cannot have awarded Plaintiff any relief if it dismissed the case precisely because it could not grant relief. "And that is exactly what a dismissal on mootness grounds means." *Klamath*, 589 F.3d at 1033. The order granting the motion for summary judgment could not and did not provide enforceable relief to Plaintiff.[2] *See id.* (holding the dismissal on mootness grounds could not provide enforceable relief even if the court itself "explained that its ruling was based 'upon [defendant's] commitment to undertake (or not to take) certain specific actions.'").

In sum, Plaintiff fails to establish prevailing party status necessary to give rise to fee-shifting under the EAJA.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion for fees and costs under the EAJA.

This Order terminates Docket No. 45.

---

[2] The government may be judicially estopped from using the I-407 in the future, having advised the Court it will not do so. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."). However, this does not make the Court's grant of Defendant's motion for summary judgment judicially sanctioned relief. *Klamath*, 589 F.3d at 1033 n.5.

**IT IS SO ORDERED.**

Dated: July 18, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge